## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

v.

Spence

April 10, 1995

Case No. (Criminal) 9471

BY JUDGE THOMAS D. HORNE

The Court has considered the evidence presented as well as the written memoranda submitted by counsel. Counsel for the Defendant contends that certain evidence should be excluded from the trial of this case based upon alleged violations of her Fourth and Fifth Amendment rights. Based upon a consideration of such evidence, the Court is of the opinion that the motion of the Defendant to suppress such evidence should be denied.

Acting upon information furnished by law enforcement authorities in Los Angeles, plain clothes officers of the Dulles Airport Drug Enforcement Administration Task Force boarded an airplane bound for New York. They did so for the express purpose of requesting the permission of the Defendant to open certain pieces of luggage which she had checked for the flight. At the time they boarded the flight, the officers did not have probable cause to either search the luggage or seize the Defendant for any drug-related offenses.

After approaching the Defendant at a window seat on the aircraft, one of the officers displayed his official credentials identifying him as a member of the Task Force. Ms. Spence, although nervous, readily agreed to a search of the bags. She claimed no knowledge or ownership of the contents.

In determining whether Ms. Spence was seized for purposes of the application of the exclusionary rule, the Court must consider whether, judged by an objective standard, the conduct of the officers conveyed to the Defendant that her compliance to their request was compelled. *Florida*

*v. Bostick*, 501 U.S. 429 (1991). The standard to be applied is that of a reasonable innocent person.

The officers did nothing, other than to identify themselves, which would have suggested to an innocent person that she would be required to submit to a search of her luggage. There is nothing about the interior of this aircraft, other than the limited space within the passenger compartment, from which one might infer such power of suggestion. In this case, any limitation on movement does not implicate induced compliance to the demands of law enforcement.

Having found that the consent to search was freely and voluntarily given, the Court need not consider the issues of standing or of the need for a warrant, which are raised by the Defendant in her papers.

Subsequent to her arrest, the Court finds that the Defendant was properly advised of her *Miranda* rights on the mobile lounge from the aircraft, and any subsequent statements were freely and voluntarily given to the arresting officers. Accordingly, the motion, insofar as it challenges the admission of such statements, is denied.